**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| KEVIN WELSH, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **COMPLAINT FOR** |
| | ) **VIOLATIONS OF THE** |
| HERITAGE-CRYSTAL CLEAN, INC., | ) **FEDERAL SECURITIES LAWS** |
| BRIAN RECATTO, FRED FEHSENFELD, | ) |
| JR., CHARLES E. SCHALLIOL, ROBERT W. | ) JURY TRIAL DEMANDED |
| WILLMSCHEN, JR., JIM SCHUMACHER, | ) |
| BRUCE BRUCKMANN, and MARY PAT | ) |
| THOMPSON, | ) |
| | ) |
| Defendants. | ) |

Plaintiff Kevin Welsh ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Heritage-Crystal Clean, Inc. ("Crystal Clean" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by an investment affiliate of J.F. Lehman & Company ("JFLCO").[1]

2. On July 19, 2023, Crystal Clean entered into an Agreement and Plan of Merger

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

(the "Merger Agreement") with JFL-Tiger Acquisition Co., Inc. ("Parent") and JFL-Tiger Merger Sub, Inc. ("Merger Sub"). The Merger Agreement provides that Crystal Clean stockholders will receive $45.50 in cash per share of Company common stock in connection with the Proposed Transaction.

3. The Company's corporate directors subsequently authorized the August 31, 2023, filing of a materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of

---

[2] The Special Meeting at which stockholders are asked to approve Proposed Transaction currently is scheduled for October 10, 2023.

Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District or is an individual with sufficient minimum contacts with this District to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Crystal Clean common stock.

10. Defendant Crystal Clean is a Delaware corporation with its principal executive offices located at 2000 Center Drive, Suite East C300, Hoffman Estates, Illinois 60192. Crystal Clean's shares trade on the Nasdaq Global Select Market under the ticker symbol "HCCI." Through its subsidiary, Crystal Clean provides parts cleaning, hazardous and non-hazardous waste, and used oil collection services to small and mid-sized customers in the industrial and vehicle maintenance sectors in North America. The Company operates through two segments: Environmental Services and Oil Business. The Environmental Services segment offers parts cleaning, containerized waste management, wastewater vacuum, antifreeze recycling, emergency and spill response, and industrial and field services. The Oil Business segment engages in the collection of used oil, the sale of recycled fuel oil, and used oil filter removal and disposal activities, as well as the re-refining of used oil into lubricant base oil and other

products. Crystal Clean also collects and disposes wastewater. As of December 31, 2022, the Company operated through 105 branches serving approximately 104,000 customer locations.

11. Defendant Brian Recatto is and has been President, Chief Executive Officer, and a director of the Company at all times relevant hereto.

12. Defendant Fred Fehsenfeld, Jr. is and has been Chairman of the Board and a director of the Company at all times relevant hereto.

13. Defendant Charles E. Schalliol is and has been a director of the Company at all times relevant hereto.

14. Defendant Robert W. Willmschen, Jr. is and has been a director of the Company at all times relevant hereto.

15. Defendant Jim Schumacher is and has been a director of the Company at all times relevant hereto.

16. Defendant Bruce Bruckmann is and has been a director of the Company at all times relevant hereto.

17. Defendant Mary Pat Thompson is and has been a director of the Company at all times relevant hereto.

18. Defendants identified in paragraphs 11-17 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

**The Proposed Transaction**

19. On July 19, 2023, the Company announced in relevant part:

HOFFMAN ESTATES, Ill.–(BUSINESS WIRE)–Heritage-Crystal Clean, Inc. (Nasdaq: HCCI) ("Crystal Clean"), a leading provider of parts cleaning, hazardous and non-hazardous waste services, used oil re-refining, antifreeze

recycling, industrial and field services, and emergency and spill response services, today announced that it has entered into a definitive merger agreement to be acquired by an investment affiliate of J.F. Lehman & Company ("JFLCO"), a leading private equity investment firm focused on the aerospace, defense, maritime and environmental sectors, in an all-cash transaction that values Crystal Clean at approximately $1.2 billion.

Under the terms of the merger agreement, JFLCO will acquire all the outstanding shares of Crystal Clean for $45.50 per share in cash.  The purchase price represents a premium of approximately 24.9% to Crystal Clean's 60-day volume-weighted average price on July 19, 2023, the last full trading day prior to today's announcement.

"We are pleased to enter into this agreement with JFLCO, which we believe represents the best path forward for Crystal Clean to maximize value for our shareholders," said Crystal Clean's President and CEO, Brian Recatto.  "For more than 20 years, we have executed on our mission and thoughtfully grown Crystal Clean to become the partner of choice nationwide for premier environmentally-sustainable solutions that have a tangible impact for customers, and we are excited to embark on this new chapter."

"As a private company, we will have added flexibility and a deeply knowledgeable partner in JFLCO that understands our strengths and employee-empowered culture.  We are grateful to our talented team, who have been instrumental in establishing Crystal Clean as the leader we are today and look forward to building on our momentum on the path ahead," Mr. Recatto added.

"At a time when businesses across industries are more environmentally conscious and highly focused on running cleaner, we are excited to partner with Crystal Clean – a clear category leader and unparalleled provider of environmental and waste disposal services," said Glenn Shor, Partner at J.F. Lehman & Company.  "This partnership underscores our confidence in Crystal Clean's business, vision and reputation as a trusted provider for a diversified, blue-chip customer base.  We look forward to working closely together to best position the Company for sustainable, long-term success."

**Transaction Details**

Crystal Clean's Board of Directors has unanimously approved the merger agreement and recommends that Crystal Clean shareholders vote in favor of the transaction.

The transaction is expected to close in the fourth quarter of 2023, subject to customary closing conditions, including approval by Crystal Clean shareholders and the expiration of the waiting period under the Hart-Scott-Rodino (HSR)

5

Antitrust Improvements Act of 1976. Upon completion of the transaction, Crystal Clean will become a privately held company and shares of Crystal Clean common stock will no longer be listed on the Nasdaq Stock Exchange or trade in any other public market.

Fully committed debt financing in support of the transaction is being provided by Jefferies Finance LLC and Sumitomo Mitsui Banking Corporation. The merger is not subject to any financing condition.

Additionally, The Heritage Group and its affiliates, which collectively hold 26.70% of the Crystal Clean common shares, and Brian Recatto, who holds 3.23% of the Crystal Clean common shares, have each entered into a voting and support agreement with JFLCO pursuant to which each has committed to vote all of its Crystal Clean common shares in favor of the transaction.

The merger agreement provides for a "go-shop" provision under which Crystal Clean and its Board of Directors may actively solicit, receive, evaluate and potentially enter negotiations with parties that offer alternative proposals during a 35-day period following the execution date of the definitive agreement, expiring at 11:59 p.m. Eastern Time on August 23, 2023. There can be no assurance this process will result in a superior proposal. Crystal Clean does not intend to disclose developments about this process until it determines whether such disclosure is appropriate or otherwise required.

**Advisors**

William Blair & Company is serving as financial advisor to Crystal Clean, Stifel delivered a fairness opinion to Crystal Clean with respect to the proposed transaction, and McDermott Will & Emery LLP is serving as legal counsel to Crystal Clean.

Houlihan Lokey, Inc. is serving as lead financial advisor to JFLCO, and Jefferies LLC is also serving as financial advisor to JFLCO; Shearman & Sterling LLP and Jones Day are serving as legal counsel to JFLCO.

**The Materially Incomplete and Misleading Proxy Statement**

20.     The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on August 31, 2023  The Proxy Statement, which recommends that Crystal Clean stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially

misleading information, concerning: (a) the Company's financial forecasts; (b) the financial analyses underlying the fairness opinion provided by the Company's financial advisor, Stifel, Nicolaus & Company, Incorporated ("Stifel"); (c) potential conflicts of interest faced by the Company's additional financial advisor William Blair & Company L.L.C. ("Blair"); and (d) the background of the Proposed Transaction.

*Material Misrepresentations and/or Omissions Concerning the Financial Forecasts for Crystal Clean*

21. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including the unlevered, after-tax free cash flows that the Company was forecasted to generate during the calendar years through and including calendar year 2027.[3]

22. The Proxy Statement also fails to disclose the line items underlying the Company's forecasted Adjusted EBITDA.

*Material Misrepresentations and/or Omissions Concerning Stifel's Financial Analyses*

23. The Proxy Statement fails to disclose material information concerning Stifel's financial analyses.

24. With respect to the *Discounted Cash Flow Analysis* performed by Stifel, the Proxy Statement fails to disclose the Company's terminal values, its 2027 EBITDA, and the unlevered free cash flows used by Stifel in connection with the analysis.

25. With respect to *Selected Public Companies Analysis* and *Selected Precedent Transactions* analysis, each performed by Stifel, the Proxy Statement fails to disclose the

---

[3] *See* Proxy Statement at 54.  Notably, these are the same unlevered free cash flows relied upon and utilized in connection with its *Discounted Cash Flow Analysis.*

7

respective individual multiples and financial metrics for each of the selected companies and transactions analyzed by the financial advisor.

*Material Misrepresentations and/or Omissions Concerning William Blair's Conflicts of Interest*

26. The Proxy Statement fails to disclose material information concerning William Blair's potential conflicts of interest, including: (a) how much compensation William Blair has received or will receive in connection with its engagement; (b) how much of William Blair's compensation is contingent upon consummation of the Proposed Transaction; and (c) whether William Blair has performed any services for Crystal Clean, JFLCO or their respective affiliates in the prior two years, and if so, a summary of the services performed and any compensation received in connection with such services.

*Material Misrepresentations and/or Omissions Concerning the Background of the Proposed Transaction*

27. The Proxy Statement fails to disclose material information concerning the background of the Proposed Transaction, including whether any of the standstill agreements entered into by the Company during the process leading to the Merger Agreement include "don't ask, don't waive" standstill provisions currently precluding any party from submitting a topping bid for the Company.

28. The omission of the above-referenced information renders statements in the "Prospective Financial Information," "Opinion of Stifel, Nicolaus & Company, Incorporated," and "Background of the Merger" sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

29. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently

informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Crystal Clean**

30. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

31. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Crystal Clean is liable as the issuer of these statements.

32. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

33. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

34. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

35. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

36. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

37. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

38. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

39. The Individual Defendants acted as controlling persons of Crystal Clean within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Crystal Clean and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

40. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

41. Each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the transactions giving rise to the violations as alleged herein and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

42. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

43. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

    A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

    B. In the event defendants consummate the Proposed Transaction,

rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

        C.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

        D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

        E.      Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: September 19, 2023        **LONG LAW, LLC**

        By: */s/ Brian D. Long*
              Brian D. Long (#4347)
              3828 Kennett Pike, Suite 208
              Wilmington, DE 19807
              Telephone: (302) 729-9100
              Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*